UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERATED LIFE INSURACE
COMPANY,

      Plaintiff,

v.

FIFTH THIRD BANK, ROBERT E.
TARDIF, FLORIDA PETROLEUM
COMPANY LLC, EVANS ENERGY
PARTNERS LLC, KC
TRANSPORTATION LLC, E2
REAL ESTATE LLC and EVANS
OKEECHOBEE LLC,

      Defendants.

Case No: 2:14-cv-568-FtM-38CM

## ORDER

Before the Court is Plaintiff, Federated Life Insurance Company's, Request for Entry of Clerk's Default against Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long (Doc. 32), filed on December 15, 2014. Plaintiff moves, pursuant to Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Defendant Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long for failure to respond to Plaintiff's Amended Complaint for Interpleader. For the reasons that follow, the Motion is granted.

Rule 55(a), Federal Rules of Civil Procedure, states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process.  *Kelly v. Florida*, 233 Fed. Appx. 883, 884-85 (11th Cir. 2007); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

Here, an Affidavit of Service filed on November 12, 2014 states that on October 21, 2014, Plaintiff's process server, Mark Zammett, personally served a copy of the summons and complaint upon Robert E. Tardiff at 1533 Hendry Street, Suite 100, Fort Myers, FL 33901.  Doc. 13.  Affidavits by process servers constitute a *prima facie* showing that defendants have been served.  *Udoinyion v. The Guardian Security*, 440 Fed. Appx. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012).  Service of process of Plaintiff's Complaint therefore was properly effected under Federal Rule of Civil Procedure 4(e)(1).

Plaintiff filed an Amended Complaint for Interpleader on November 24, 2011 (Doc. 20).  The Certificate of Service attached to the Amended Complaint states that Defendant Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long, would receive a notice of electronic filing via the Court's electronic filing

system. Doc. 20 at 9-10. In support of its motion for Clerk's default, Plaintiff attached email correspondence in which Robert E. Tardif acknowledged and accepted email service of Plaintiff's Amended Complaint for Interpleader.[1] *See* Doc. 32-1 at 8.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint. Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long, has failed to do so within the time period; therefore, entry of Clerk's default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff, Federated Life Insurance Company's, Request for Entry of Clerk's Default against Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long (Doc. 32) is **GRANTED**. The Clerk is directed to enter Clerk's default against Defendant Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long, pursuant to Rule 55(a), Federal Rules of Civil Procedure.

---

[1] The email correspondence also appears to suggest that Robert E. Tardiff is in agreement with the motion. *See* Doc. 32-1 at 8 (in response to counsel for Plaintiff's statement "[l]et me know if you want us to default you and we will do so," Mr. Tardiff apparently replied "[y]es, please do.").

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of February, 2015.

/s/ Carol Mirando
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record