UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERATED LIFE INSURANCE
COMPANY,

      Interpleader plaintiff,

v.                                        Case No.: 2:14-cv-568-FtM-38CM

FIFTH THIRD BANK, ROBERT E. TARDIF,
as Trustee of the Bankruptcy Estate of
Randy Murl Long, FLORIDA PETROLEUM
COMPANY LLC, EVANS ENERGY
PARTNERS LLC, KC TRANSPORTATION
LLC, E2 REAL ESTATE LLC, and EVANS
OKEECHOBEE LLC,

      Defendants.
_____/

## **ORDER**[1]

This matter is before the Court on Interpleader Plaintiff Federated Life Insurance Company's Unopposed Motion for Entry of Default Judgment Against Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long (Doc. #49) filed on February 17, 2015. As the motion is unopposed, it is ripe for review. (Id. at 5-6).

## **BACKGROUND**

Federated Life filed this statutory interpleader action on September 30, 2014, to resolve potential competing claims to two life insurance policies (the "Policies") that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

insured the life of decedent Randy Murl Long. (Doc. #1). Federated Life served the Summons and Complaint on Defendant Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long (the "Trustee"). (Doc. #13). The Trustee, however, failed to answer or otherwise defend against the Complaint in accordance with the Federal Rules of Civil Procedure.

On November 24, 2014, Federated Life filed an Amended Complaint for Interpleader. (Doc. #20). That same day, the Trustee accepted service of the Amended Complaint via electronic mail. (Doc. #49 at ¶ 5; Doc. #49-2 at 2). The Trustee also indicated to Federated Life's counsel that the Estate of Randy Murl Long had no interest in the Policies and requested Federated Life to move for entry of default judgment against the Trustee. (Doc. #49 at ¶ 5; Doc. #49-2 at 1-4). Thus, when the Trustee again failed to answer or otherwise defend against this action, Federated Life moved for a clerk's default. (Doc. #32). The Court granted the motion (Doc. #47), and the Clerk issued an Entry of Default (Doc. #48).

Before the Entry of Default Judgment, Federated Life filed a Motion to Deposit Insurance Policy Proceeds and For Discharge, which Defendants did not oppose. (Doc. #24). Having found interpleader to be appropriate, the Court directed Federated Life to deposit the proceeds of the Policies, plus accrued applicable interest, into the Court's Registry. (Doc. #35 at 5, 7). The Court also stated it would discharge Plaintiff from this action upon receiving Plaintiff's deposit. (Id. at 5).

In accordance with the Court's Order, Federated Life timely deposited the proceeds of the Policies, plus applicable interest, into the Court's Registry. (Doc. #37; Doc. #38; Doc. #39). The Court took Federated Life's deposit under advisement and

advised that it would discharge Federated Life from this action after the matter of a default judgment against the Trustee had been resolved.  (Doc. #51 at 2).

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant.  See Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent.  See Fed. R. Civ. P. 55(b)(2); see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc. 803 F.2d 1130, 1134 (11th Cir. 1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue").

An entry of a clerk's default does not *per se* warrant an entry of default judgment.  Rather, a court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."  Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007).  In considering a motion for default judgment, courts must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" relief.  PNC Bank, N.A. v. Starlight Props. & Holdings, LLC, No. 6:13-cv-408, 2014 WL 2574040, at *1 (M.D. Fla. June 9, 2014) (citation omitted).

To date, the Trustee has not plead or otherwise responded to Complaint for Interpleader or Amended Complaint for Interpleader.  See Fed. R. Civ. P. 12(a)(1)(A);

Fed. R. Civ. P. 15(a)(3). In fact, the Trustee does not oppose Federated Life's Motion Entry of Default Judgment because the Estate of Randy Murl Long has no interest in the Policies. (Doc. #49-3 at 2; Doc. #49 at 5-6). The Court, therefore, will grant Federated Life's Unopposed Motion for Entry of Default Judgment.

Accordingly, it is now

**ORDERED:**

(1) Interpleader Plaintiff Federated Life Insurance Company's Unopposed Motion for Entry of Default Judgment Against Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long (Doc. #49) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to enter judgment in favor of Federated Life and against Defendant Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long.

(3) Interpleader Plaintiff Federated Life Insurance Company is **DISMISSED with prejudice** from the above-captioned case and **DISCHARGED** from any further liability with respect to the subject Policies.

(4) Defendant Robert E. Tardif, as Trustee for the Bankruptcy Estate of Randy Murl Long is **ENJOINED** from instituting an action in any other forum against Federated Life, or any of its predecessors, subsidiaries, or parent companies regarding the funds deposited into the Court's Registry in this matter.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of February, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record